1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KORY T. O'BRIEN,                    Case No.  2:22-cv-01730-TLN-JDP (PC)

12              Plaintiff,               **ORDER**

13        v.                             GRANTING PLAINTIFF'S MOTION TO
                                         AMEND AND DENYING PLAINTIFF'S
14   R. GARZA, *et al.*,                 MOTIONS FOR EXTENSION OF TIME, TO
                                         STAY RESPONSE, AND TO STAY
15              Defendants.              DISCOVERY

16                                       ECF Nos. 24, 31, 33, & 37

17                                       SCREENING ORDER FINDING THAT
                                         PLAINTIFF'S FIRST AMENDED
18                                       COMPLAINT STATES COGNIZABLE FIRST
                                         AMENDMENT, EIGHTH AMENDMENT,
19                                       AND STATE LAW TORT CLAIMS
                                         AGAINST DEFENDANTS GARZA AND
20                                       BAKER

21                                       ECF No. 25

22                                       **FINDINGS AND RECOMMENDATIONS**

23                                       THAT PLAINTIFF'S CLAIMS FOR
                                         FAILURE TO PREVENT FUTURE HARM,
24                                       FAILURE TO INTERVENE, AND AGAINST
                                         THE CDCR BE DISMISSED
25
                                         DEFENDANTS' MOTION FOR PARTIAL
26                                       SUMMARY JUDGMENT BE DENIED
                                         WITHOUT PREJUDICE AS MOOT
27
                                         ECF Nos. 25 & 28
28

                                         1

Plaintiff brought this action on September 30, 2022, and, on November 14, 2022, I found that the complaint stated both a cognizable First Amendment claim against defendant Garza and viable Eighth Amendment claims against defendants Garza and Baker.[1]  ECF No. 9.  Plaintiff alleged that Garza told him he did not care about him because of grievances he had filed.  *Id.* at 2.  Shortly thereafter, plaintiff began to experience chest pains and called for help.  *Id.*  Defendants Garza and Baker, against whom the grievances had been filed, allegedly ignored plaintiff's calls for help for a time and delayed getting him medical help.  *Id.*

After screening, the parties conducted discovery, which included defendants' deposition of plaintiff.  ECF No. 30-1 at 2.  On June 28, 2023, defendants moved to file an early motion for partial summary judgment, ECF No. 20, and I granted their request on August 11, 2023, ECF No. 23.

I.     Plaintiff's Motion to Amend

On August 17, 2023, plaintiff filed a motion to amend his complaint, seeking to add claims for failure to summon medical care, failure to prevent future harm, failure to intervene or intercede, failure to protect, and a state tort claim.  ECF No. 24 at 1.  He also seeks to add the California Department of Corrections and Rehabilitation ("CDCR") as a defendant.  *Id.*  Defendants have opposed amendment, ECF No. 30, and plaintiff has filed a delayed reply, ECF No. 38.  After reviewing the pleadings, I will grant his motion to amend.

Rule 15(a)(2) directs that a court "should freely give leave [to amend a complaint] when justice so requires."  Courts should generally be liberal in allowing a party to amend.  *Sonoma Cnty. Ass'n of Retired Emples. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  Leave to amend should be denied only where there is strong evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ."  *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alteration in original).  Of these elements, the prejudice to the opposing parties is assigned the greatest

---

[1] This defendant is identified as "Portee" on the docket.  I will direct the Clerk of Court to alter the docket to reflect the correct name.

2

1   weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

2          There is no undue delay here.  The scheduling order provides that the deadline for

3   amending plaintiff's complaint is September 1, 2023.  ECF No. 19 at 5.  He filed his motion to

4   amend on August 17, 2023.  ECF No. 24.  Defendants question the timing of plaintiff's motion to

5   amend, insofar as it was filed after they were given permission to file an early motion for partial

6   summary judgment.  Their concerns are not wholly without merit, but I note that, thus far,

7   plaintiff has not abused the amendment process and that leave to amend must be freely given.

8          Defendants also argue that allowing plaintiff to amend his complaint at this time would

9   prejudice them.  The parties have already conducted some written discovery, and plaintiff has

10  been deposed.  Nevertheless, discovery remained open when plaintiff moved to amend and there

11  is no indication that expansion of the discovery deadline will be overly prejudicial.  And while

12  defendants will, if they so choose, be required to refile their motion for partial summary judgment

13  in light of the new complaint, that seems no great undertaking.  The claims, as discussed in the

14  screening section to follow, will remain largely unchanged and I am recommending against the

15  addition of a new defendant.

16         Next, defendants argue that the claims plaintiff seeks to add are futile.  I will discuss the

17  futility of most of the claims in the screening section to follow, but plaintiff's state law tort claims

18  are, for screening purposes, suitable to proceed.  Thus, the amended complaint is not wholly

19  futile.

20         The fifth and final factor, that plaintiff has not previously amended his complaint, also

21  favors plaintiff.  Thus, I will grant plaintiff's motion to amend.

22         II.     Screening Order

23         After granting leave to amend, I must screen plaintiff's amended complaint.  A federal

24  court must screen a prisoner's complaint that seeks relief against a governmental entity, officer,

25  or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and

26  dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

27  which relief may be granted, or seeks monetary relief from a defendant who is immune from such

28  relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

As noted above, plaintiff seeks to add new claims for failure to summon medical assistance, failure to prevent harm, and failure to protect.  *Id.*  All of these claims are effectively subsumed in the Eighth Amendment claims against Garza and Baker that I already found viable. ECF No. 9 at 2-3 (finding actionable Eight Amendment claims against both defendants for failure to summon medical help sooner).

Plaintiff's failure-to-intervene claim, predicated on Baker standing behind Garza, is also non-viable.  As defendants point out, a claim against Garza for failure to intervene in his own conduct is non-cognizable.  *See Cepero v. Gillespie*, No. 2:11-cv-01421, 2020 U.S. Dist. LEXIS 195374, *22 n.98 (D. Nev. Oct. 21, 2020) ("Cepero does not and cannot allege a claim for failure to intervene against Bonkavich because Bonkavich could not intervene in his own conduct and would simply be liable under a different theory.  So this claim cannot proceed against him.").

4

And plaintiff's allegation that Baker stood behind Garza while he told both officers about his medical issues does not create a separate failure-to-intervene claim; it is merely a restatement of the claim that both officers failed to timely summon medical care.  Indeed, "intervention" in this instance would have amounted to nothing more than calling medical aid—the alleged omission at issue in the operative Eighth Amendment claim against Baker.

Finally, CDCR, which plaintiff is suing under a theory of *respondeat superior*, is not an appropriate defendant.  Plaintiff appears to be seeking only compensatory damages, and CDCR, a state agency, has immunity from such damages under the Eleventh Amendment.  *Cf. Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("The Nevada Department of Prisons, as a state agency, clearly was immune from suit under the Eleventh Amendment.").

By contrast, the original First Amendment retaliation and Eighth Amendment deliberate indifference claims remain viable.  Additionally, the amended complaint adds viable state law tort claims against both defendants Garza and Baker.  ECF No. 25 at 14.  These claims will proceed, and I will recommend all other claims be dismissed.

III.    Remaining Pending Motions

Given that I am allowing plaintiff to amend his complaint, I will recommend that defendants' motion for partial summary judgment be denied as moot, without prejudice.  ECF No. 28.  Defendants may refile it within the dispositive motion deadline with any modifications they deem necessary.  Denial of this motion moots plaintiff's requests for additional time to file a response, ECF No. 31, and motion to stay response, ECF No. 37.  Finally, I will deny plaintiff's motion to stay discovery insofar as it is predicated on resolution of the motion for partial summary judgment.  ECF No. 33.  The scheduling order will require modification, but that will issue by separate order.

Accordingly, it is ORDERED that:

1.  Plaintiff's motion to amend, ECF No. 24, is GRANTED, and this action shall proceed on plaintiff's first amended complaint, ECF No. 25.

2.  The first amended complaint, for screening purposes, states viable First Amendment Retaliation, Eighth Amendment deliberate indifference for failure to summon medical care, and

state law tort claims against both defendants Garza and Baker.

3.   Plaintiff's motions for extension of time, ECF No. 31, stay discovery, ECF No. 33, and to stay response, ECF No. 37, are DENIED.

Further, it is RECOMMENDED that defendants' motion for partial summary judgment, ECF No. 28, be DENIED without prejudice to refiling.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 17, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE