UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN<br><br>        Plaintiff,<br><br>    v.<br><br>R. GARZA, *et al.*,<br><br>        Defendants. | Case No. 2:22-cv-1730-TLN-JDP (P)<br><br>ORDER |

Plaintiff has three motions pending: a motion to modify the scheduling order, ECF No. 44; a motion to subpoena non-party documents, ECF No. 45, and a motion to compel, ECF No. 46. Defendants have opposed the motion to compel. ECF No. 47. I will grant plaintiff's motions to modify the scheduling order and to subpoena non-party documents and deny his motion to compel.

**Background**

In September 2022, plaintiff filed his first complaint in this case. ECF No. 1. I issued the first scheduling order in April 2023. ECF No. 19. In August 2023, I granted plaintiff's motion to modify the scheduling order and to stay discovery. ECF No. 23. In August 2023, plaintiff filed an amended complaint. ECF No. 25. I screened the amended complaint in January 2024, finding that plaintiff alleged cognizable First and Eighth Amendment claims and state claw tort claims

1

1 against defendants Garza and Baker, correctional officers at California Medical Facility. ECF

2 No. 39. Defendants filed their answer in May 2024. ECF No. 41.

3       On July 10, 2024, I issued an amended scheduling order. ECF No. 43. I ordered that the

4 deadline for completion of all discovery, including filing all motions to compel discovery, be set

5 at October 11, 2024, and warned that, absent good cause, discovery motions would not be

6 considered after the deadline. *Id.* I set September 13, 2024, as the deadline for all discovery

7 requests, and April 4, 2025,[1] as the deadline for dispositive motions. *Id.*

8       On September 6, 2024, plaintiff filed a motion to modify the scheduling order, ECF No.

9 44, and a motion to subpoena non-party documents, ECF No. 45. He filed a motion to compel on

10 October 17, 2024, ECF No. 46. I will address each in turn.

## Motion to Modify

12       First, plaintiff moves to modify the scheduling order. ECF No. 44. He requests a 90-day

13 extension on all current deadlines because he was in crisis bedding from August 2, 2024, he had

14 rotator cuff surgery scheduled for September 1, 2024, and he received defendants' response to his

15 first discovery requests on August 29, 2024. *Id.* at 1. He argues that good cause exists to modify

16 the scheduling order because he made diligent efforts to complete discovery. *Id.* He asserts that

17 he conferred with defendants on July 31 and August 1, 2024, regarding discovery issues, and that

18 defendants would not be biased or prejudiced by a modification to the scheduling order. *Id.* at 2-

19 3. He asserts that defendants did not object to the requested extensions, *Id.* at 3, and defendants

20 have not opposed plaintiff's motion.

21       A court's scheduling order "may be modified only for good cause and with the judge's

22 consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses on the diligence of the party

23 seeking the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir.

24 1992). Thus, the "court may modify the pretrial schedule if it cannot reasonably be met despite

25 the diligence of the party seeking the extension." *Id.*

---

[1] I originally set the dispositive motion deadline at April 4, 2024, ECF No. 43, but reset the date, ECF No. 48.

2

1     I will grant plaintiff's motion to modify the scheduling order because good cause exists,
2 and it appears that plaintiff has been diligent in attempting to comply with the current order. The
3 parties have 30 days from the issuance of this order to serve any additional discovery requests; 60
4 days from the issuance of this order to file discovery motions, including any motions to compel;
5 and 90 days from the issuance of this order to file any dispositive orders.

6                           **Motion to Subpoena Non-Party Documents**

7     Plaintiff also moves to subpoena non-parties allegedly in possession of discovery
8 materials. ECF No. 45. He argues that defendants' answers to his interrogatories demonstrate
9 that non-parties possess documents that he needs to present his case. *Id.* He argues that his
10 claims hinge on timelines, and that he needs documents to establish the timeline of events
11 underlying his claim. *Id.* at 2. He asserts that he met and conferred with defendants twice, but
12 that defendants have been unable to procure the documents plaintiff requested because the
13 documents are in the possession of either the California Medical Facility's Litigation Coordinator
14 or California Medical Facility's Office of Grievances. *Id.*; *see also* ECF No. 45-1, 45-2.
15 Defendants do not oppose this motion.

16    To obtain discovery from a non-party, plaintiff must seek issuance of a subpoena and
17 demonstrate that the information sought cannot be obtained from defendants through discovery.
18 *See* Fed. R. Civ. P. 45(d)(1). Courts must ensure that the party serving the subpoena has taken
19 reasonable steps to avoid imposing an undue burden or expense on the person or entity to be
20 served with the subpoena. *See* Fed. R. Civ. P. 45(d)(1).

21    I will grant plaintiff's motion to subpoena non-party documents. Plaintiff seeks
22 information relevant to his claims, and he has attempted to obtain this information from
23 defendants without success. ECF No. 45. Defendants informed plaintiff they cannot obtain these
24 documents, but that the documents could be obtained from the Litigation Coordinator of the
25 California Medical Facility or the California Medical Facility's Office of Grievances. *See* ECF
26 No. 45-1, 45-2. As such, I will direct the Clerk of Court to provide plaintiff, along with this
27 order, with four signed but otherwise blank subpoena forms. *See* Fed. R. Civ. P. 45(a)(3).
28

|  |  |
|---|---|
| 1 | **Motion to Compel** |
| 2 | On October 17, 2024—six days after the deadline to file all discovery motions, including |
| 3 | motions to compel—plaintiff filed a motion to compel the production of documents.  ECF No. 46. |
| 4 | He notes that defendants provided responses to plaintiff's first set of production of documents, |
| 5 | but that defendants invoked the "official-information, deliberate-process" privileges against |
| 6 | specific requests. *Id.* at 1.  Plaintiff contends that defendants cannot rely on the official- |
| 7 | information and deliberate-process privileges or on defendants' right to privacy in their personnel |
| 8 | records because the requested information would not compromise the safety of the institution, |
| 9 | defendants, or other inmates. *Id.* at 6. |
| 10 | Plaintiff takes issue with defendants' responses to a few specific requests for production, |
| 11 | namely, (1) plaintiff's requests for production to Garza asking that Garza produce an Allegation |
| 12 | Inquiry report, a Confidential Fact Gathering Report, and "all electronically stored information of |
| 13 | communications between [Garza] and . . . Baker, or any other individual, that are located on |
| 14 | [Garza's] cell phone," *Id.* at 2-5, 7, 15-17, and (2) plaintiff's requests for production to Baker |
| 15 | asking Baker to produce the same Confidential Fact Gathering report and Allegation Inquiry, *Id.* |
| 16 | at 5-6, 23-24. |
| 17 | Garza objected to plaintiff's interrogatories on varying grounds, including that they were |
| 18 | impermissibly vague and ambiguous, improperly referred to another discovery response, sought |
| 19 | information that was confidential under state regulations, and invaded Garza's privacy rights. *Id.* |
| 20 | at 11-20.  Garza also objected that plaintiff sought information protected by the "official- |
| 21 | information and deliberate-process privileges."  *See generally id.*  As to plaintiff's request for text |
| 22 | messages between Garza and Baker, Garza also objected on the basis that such disclosure was |
| 23 | protected under attorney-client privilege.  *Id.* at 19.  Baker raised the same objections.  *See* |
| 24 | *generally id.* at 23-26. |
| 25 | Defendants provided a privilege log explaining that they were withholding documents |
| 26 | related to the Confidential Fact Gathering Reports and Allegation Inquiries under the official- |
| 27 | information and deliberate-process privileges, the peace officers' right of privacy in their |
| 28 | personnel records, and for the confidentiality of non-party inmates' case records and medical |

1  information. *Id.* at 10.  As for the request for text messages, Garza produced a privilege log,
2  noting that he was withholding some of the requested documents based on attorney-client
3  privilege and the common-interest doctrine. *Id.* at 9.

4  Defendants also produced a declaration from B. Ebert, a Correctional Counselor and
5  Litigation Coordinator at California Medical Facility. *Id.* at 30.  In his declaration, Ebert
6  explained that he had reviewed the privilege log and that the documents identified by defendants
7  related to the Confidential Fact Gathering Reports and Allegation Inquiries were generated by the
8  California Department of Corrections and Rehabilitation ("CDCR") and, at all times, had been
9  kept confidential. *Id.* at 31.  Ebert stated that staff-misconduct allegations made by inmates were
10  considered confidential because they contained personal and private information about staff and
11  inmates. *Id.*  Additionally, these documents were prepared as part of an investigation, and the
12  documents reflected the evaluation, deliberation, and investigative sources and methods used by
13  the prison in evaluating the allegations. *Id.*  Ebert explained that allowing the disclosure of these
14  records has the potential to identify third parties not subject to the current suit, which would place
15  those individuals in danger and have the potential to deter inmate-witnesses from providing
16  information in the future for fear of disclosure. *Id.*  Additionally, the disclosure of defendants'
17  personnel files would implicate their safety, as it would give an inmate access to confidential
18  information that could improperly be used against the defendant and the morale of officers would
19  be impacted. *Id.* at 32.  Ebert stated that the release of these materials, even under a protective
20  order, would have the potential to jeopardize institutional safety. *Id.*

21  Defendants oppose plaintiff's motion to compel.  ECF No. 47.  First, they argue that the
22  motion should be denied as untimely because it was filed after the deadline set in the scheduling
23  order. *Id.* at 3.  They then argue that plaintiff failed to meet and confer before filing his motion,
24  in violation of federal rules, and that the motion should be denied on that ground, as well. *Id.* at
25  3-4.  Defendants next contend that the official-information privilege protects the Confidential
26  Fact Gathering Report from disclosure. *Id.* at 4.  They argue that they met the burden under *Kelly*
27  *v. City of San Jose* of demonstrating that official-information privilege protected the documents
28  from disclosure.  114 F.R.D. 653, 660 (N.D. Cal. 1987), at 4-7.  Defendants also argue that

attorney-client privilege protects the disclosure of Garza's text messages between himself and Baker, as the common-interest doctrine applies to their circumstances and the texts being sought directly implicate attorney-client common-interest communications. *Id.* at 7-9. Defendants provided declarations and screenshots of the withheld text messages, demonstrating that the withheld messages directly spoke to communications between parties related to the information their attorney communicated to them. *See* ECF No. 47-1, 47-2.

Under Federal Rule of Civil Procedure 34, "[t]he party to whom [a request for production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The responding party may state an objection to any request but must offer a specific rationale for doing so. In responding to a request to produce documents, the responding party must affirmatively state whether any responsive materials are being withheld on the basis of the proffered objection. Fed. R. Civ. P. 34(b)(2)(C).

Under Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The party seeking to compel discovery has the initial burden of establishing that its requests are relevant, *see* Fed. R. Civ. P. 26(b)(1), but "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *See Blemaster v. Sabo*, No. 2:16-CV-04557 JWS, 2017 WL 4843241, at *1 (D. Ariz. Oct. 25, 2017) (quoting *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

Under the official-information privilege, defendants must provide an affidavit from a knowledgeable official indicating that:

> [T]he agency has maintained the confidentiality of the documents at issue; (2) a statement that the official has personally reviewed the documents; (3) a specific identification of the governmental or privacy interests that would be compromised by production; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to these interests; and (5) a projection of how much harm would be done to these interests if the disclosure were made.

*Kelly*, 114 F.R.D. at 670.

As an initial matter, because I am granting plaintiff's motion to modify the scheduling order, I will not deny the motion to compel as untimely. Nevertheless, the motion will be denied because defendants have properly satisfied their burden of demonstrating that the documents being sought are protected from disclosure. First, defendants have, as required, provided a declaration from Ebert, a litigation coordinator and correctional counselor, addressing the *Kelly* requirements. ECF No. 46 at 33-34. They have also, as required, provided a privilege log. *Id.* at 26-28. Thus, defendants have made the requisite showing that the disclosure of the requested documents—the Confidential Fact Gathering Report, the Allegation Inquiry, and defendants' personnel records—should not be compelled, and plaintiff's motion does not demonstrate otherwise.

As to the documents allegedly protected under the attorney-client privilege, the "attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) (9th Cir. 2011) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). It "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn*, 449 U.S. at 390. The "party asserting the attorney-client privilege has the burden of establishing the relationship and the privileged nature of the communication," and "if necessary, [of] segregat[ing] the privileged information from the non-privileged information." *United States v. Ruehle*, 583 F.3d 600, 608-09 (emphasis omitted). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.* at 607. The attorney-client privilege exists:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

7

*In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992). The party asserting the privilege bears the burden of establishing each element. *Ruehle*, 583 F.3d at 608.

Attorney-client privilege extends to communications between individuals with a common interest who communicate amongst themselves for the purposes of preparing a joint strategy. *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007). Although not a "privilege" in and of itself, the common interest doctrine is an exception to the rule on waiver and applies where (1) the communication is made by separate parties to the proceeding where the parties have a common legal interest; (2) the communication is mean to further their efforts; and (3) the privilege has not been waived. *Id.*

Defendants have made the requisite showing that the texts messages between them, listed as withheld in the privilege log, implicate the attorney-client privilege and common-interest doctrine. *See* ECF No. 47-1, 47-2. As such, I will not order that the identified text messages be compelled.

**Conclusion**

Accordingly, it is ORDERED that:

1. Plaintiff's motion to modify the scheduling order, ECF No. 44, is GRANTED. The parties have 30 days from the issuance of this order to serve any additional discovery requests; 60 days from the issuance of this order to file discovery motions, including any motions to compel; and 90 days from the issuance of this order to file any dispositive orders.

2. Plaintiff's motion to subpoena non-party documents, ECF No. 45, is GRANTED.

3. Plaintiff's motion to compel, ECF No. 46, is DENIED.

4. The Clerk of Court is directed to provide plaintiff with four signed but otherwise blank subpoena forms with this order. *See* Fed. R. Civ. P. 45(a)(3).

IT IS SO ORDERED.

Dated:   March 5, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

8