UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN, | Case No. 2:22-cv-1730-TLN-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| R. GARZA, *et al.*, | |
| Defendants. | |

    Plaintiff, a state prisoner, brought this action under section 1983 alleging that defendants Garza and Baker, both correctional officers, violated his Eighth Amendment rights when they failed to timely summon medical assistance when he experienced chest pains, and violated his First Amendment rights because their delay was motivated by grievances plaintiff had filed against them. Defendants have moved for summary judgment, ECF No. 55, plaintiff has opposed the motion, ECF No. 62, and defendants have filed a reply, ECF No. 66. For the reasons stated hereafter, defendants' motion should be granted and judgment entered in their favor.

## Legal Standards

### A. Summary Judgment

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving

1  party's claim or defense or show that the nonmoving party does not have enough evidence of an
2  essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*
3  *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this
4  initial burden, the burden then shifts to the non-moving party "to designate specific facts
5  demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d
6  376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than
7  the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477
8  U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material
9  issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to
10 require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*
11 *Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

12       The court must apply standards consistent with Rule 56 to determine whether the moving
13 party has demonstrated there to be no genuine issue of material fact and that judgment is
14 appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
15 "[A] court ruling on a motion for summary judgment may not engage in credibility
16 determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir.
17 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the
18 nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.
19 *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,
20 198 F.3d 1130, 1134 (9th Cir. 2000).

21 <center>Background</center>

22       Plaintiff alleges that on April 13, 2022, he was confined to his cell for refusing to take a
23 COVID-19 nasal test. ECF No. 25 at 3. When his breakfast did not appear as scheduled, plaintiff
24 asked defendant Garza, a correctional officer, why it had it not been served. *Id.* at 4. Garza
25 intimated that it would arrive eventually and told plaintiff, "[t]hat is what happens when you
26 refuse a COVID test and are on [confined to quarters]." *Id.* Plaintiff asked Garza if he was
27 willing to put down, in writing, that he was being punished for refusing the test. *Id.* Garza told
28 plaintiff that he did "not give a fuck about [him]" because of previous prison grievances he had

written about both Garza and his partner. *Id.* Garza then departed. *Id.*

Immediately after Garza's departure, plaintiff claims that he felt tightness and a sharp pain in his chest. *Id.* Plaintiff has a history of cardiac issues, including a heart attack in 2016 that required placement of a stent. *Id.* Plaintiff yelled out "man down" and took a nitroglycerin pill. *Id.* at 5. He then began to bang on his cell door with a metal tin to get attention. *Id.* Despite these efforts, and despite defendants Garza and Baker being aware of his plight, he claims that it took ten minutes for them to summon medical help. *Id.* Plaintiff alleges that after medical staff examined him, he was sent to a nearby hospital to be examined. *Id.* at 7. He claims that he had a second stent placed in July 2023. *Id.*

<u>Analysis</u>

I.   Eighth Amendment Claims

Defendants argue that plaintiff's Eighth Amendment claims fail because, *inter alia*, there is no evidence that this minor delay caused him harm. ECF No. 55 at 24-25. I agree. To succeed on an Eighth Amendment claim for denial of medical care, a claimant must allege a serious medical need and that defendants' response to that need was deliberately indifferent. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A claimant satisfies the second prong if he shows "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (inmate "had no claim for deliberate medical indifference unless the denial was harmful.").

Defendants have provided the declaration of B. Feinberg, a physician who serves as Chief Medical Consultant for the California Correctional Health Care Services Office of Legal Affairs. ECF No. 55-5 at 1-2. He notes that medical records from the emergency department show a "benign cardiopulmonary exam" and that tests were normal and indicative of no cardiac injury. *Id.* at 5, 43-45. Feinberg also opines that the ten-minute delay was unlikely to have caused plaintiff any increased pain insofar as he had, and had already taken, his own nitroglycerin. *Id.* at 5. The records indicate that his symptoms resolved after a second dose of nitroglycerin, which plaintiff had available in his cell, but which was administered, in this case, by responding medical

4

1  staff. *Id.* at 5-6, 36.

2  For his part, plaintiff disputes that his symptoms resolved after the second dose of
3  nitroglycerin, noting that he was also given oxygen and aspirin, which were not available in his
4  cell. ECF No. 62 at 12. But the medical records emphasize that it was the nitroglycerin that
5  relieved his pain. The hospital treatment notes state that "[o]n presentation to the TTA he
6  received 2 [nitroglycerin] with essentially relief of pain, though he notes some residual 1/10
7  discomfort." ECF No. 55-5 at 36. Elsewhere the notes reemphasize that nitroglycerin was the
8  source of his relief. *Id.* at 41-42 ("Got nitro with relief . . . . Got another dose of nitro and with
9  maximum relief."). Plaintiff has not presented any medical evidence that the aspirin or oxygen
10 had any meaningful effect on his chest pain. Plaintiff also makes claims related to elevated blood
11 pressure, ECF No. 62 at 13, but issues with his blood pressure were never raised in the operative
12 complaint, and there is no medical evidence indicating that defendants' alleged actions had any
13 meaningful effect on his blood pressure.

14 In the same vein, plaintiff argues that, although there is no evidence that his heart suffered
15 damage because of the ten-minute delay, the prolonged pain is sufficient to establish harm. *Id.* at
16 21-22. This is inconsistent with case law. Courts have routinely found that short periods of
17 untreated pain, without more, do not give rise to the level of harm necessary to show an Eighth
18 Amendment violation. *See, e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990)
19 ("Nor did the delay substantially harm Wood's treatment, considering that the only remedy
20 immediately available was prescription for painkillers."); *O'Loughlin v. Doe*, 920 F.2d 614, 617
21 (9th Cir. 1990) ("[R]epeatedly failing to satisfy [plaintiff's] requests for aspirins and antacids to
22 alleviate his headaches, nausea and pains . . . do[es] not amount to a constitutional violation.")
23 (internal quotation marks and footnote omitted); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir.
24 1998) (finding that delay in administering pain medication and in treating fractured nose did not
25 rise to the level of deliberate indifference); *Van Court v. Lehman*, 137 F. App'x 948, 950 (9th Cir.
26 2005) ("Moreover, although Van Court did not receive pain medication until a day after the
27 attack, this delay is insufficient to demonstrate deliberate indifference to a serious medical
28 need."). Here, the delay was minimal and the only treatment indicated by medical records to

5

1  alleviate plaintiff's pain was available to him inside his cell.  Thus, I conclude that defendants are
2  entitled to summary judgment on plaintiff's Eighth Amendment claims.
3    II.  Retaliation Claims
4    Defendants argue that plaintiff failed to exhaust his First Amendment retaliation claims
5  against them.  The record supports their argument.
6    Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
7  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
8  confined in any jail, prison, or other correctional facility until such administrative remedies as are
9  available are exhausted."  42 U.S.C. § 1997e(a).  This statutory exhaustion requirement "applies
10  to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the
11  relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731,
12  741 (2001).  Unexhausted claims must be dismissed.  *See Jones v. Bock*, 549 U.S. 199, 211
13  (2007).  A prison's own grievance process, not the PLRA, determines how detailed a grievance
14  must be to satisfy the PLRA exhaustion requirement.  *Id.* at 218.
15    Plaintiff alleges that he exhausted his administrative remedies in Grievance Log No.
16  250312.  ECF No. 62 at 26.  Defendants have provided a copy of that grievance, and, after
17  review, it fails to raise any retaliation claim against either defendant.  ECF No. 55-6 at 17-18.
18  The only mention of retaliation in that grievance, however, is an entreaty at the end requesting "I
19  want no retaliation by any staff for this grievance."  *Id.* at 18.  Plaintiff appears to acknowledge
20  that the grievance itself contains no mention of any retaliation claim against either defendant.  He
21  claims, however, that he raised the retaliation claim at a subsequent stage of the grievance
22  process, when he was interviewed by a prison official—Sergeant Fleshman.  ECF No. 62 at 27.
23  Defendants contend that it was improper for plaintiff to raise new claims at different levels of the
24  exhaustion process that were not raised in the initial grievance.  I agree.
25    Here, plaintiff received a response to his initial grievance from the Office of Grievances
26  which noted that the claim had been identified as one for staff misconduct and, thus, would be
27  referred outside of the grievance appeals process for fact finding.  ECF No. 55-6 at 19.  The
28  response concluded by stating that "[t]his decision exhausts all administrative remedies available

to you for this claim." *Id.* Thus, for the purpose of administrative exhaustion, only his initial grievance was considered. That grievance did not raise any retaliation claim, and plaintiff has not provided any documentary evidence that officials considered such a claim in connection with any other properly filed grievance that was fully exhausted. Thus, I find that plaintiff failed to exhaust his retaliation claims, and they should be dismissed.

### III. State Law Claim

If the foregoing recommendations are adopted, plaintiff's state law claim under California Government Code § 845.6 should also be dismissed. Generally, where all federal claims are dismissed before trial, it is appropriate to dismiss any pendent state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). In weighing whether to dismiss pendent state law claims, federal courts must consider "judicial economy, convenience, fairness, and comity." *Id.* at 350. Here, if only plaintiff's state law claim survives, there appears no reason for this court to retain jurisdiction. This claim sounds purely in state law and fairness, comity, and judicial economy weigh in favor of allowing plaintiff to bring that claim, if he chooses, in a state court that is better suited to adjudicate such issues. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

### Conclusion

Accordingly, it is ORDERED that plaintiff's motion to verify the complaint, ECF No. 60, is GRANTED. I have considered it, as I would any signed, verified complaint, as a sworn document for the purposes of adjudicating this motion.

Further, it is RECOMMENDED that defendants' motion for summary judgment, ECF No. 55, be GRANTED, and judgment be entered in their favor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
2  within fourteen days of service of the objections. The parties are advised that failure to file
3  objections within the specified time may waive the right to appeal the District Court's order. *See*
4  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
5  1991).

IT IS SO ORDERED.

Dated:   December 12, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE